# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLTON WILLIAMS,<br><br>    Petitioner,<br><br>    v.<br><br>STU SHERMAN,[1] Warden,<br><br>    Respondent. | Case No. CV 12-5337 JCG<br><br>**ORDER DENYING PETITION FOR HABEAS CORPUS, CERTIFICATE OF APPEALABILITY, AND EVIDENTIARY HEARING** |

## I.
## BACKGROUND

On December 8, 2010, a jury convicted Carlton Williams ("Petitioner") of forgery, second degree burglary, and receiving stolen property. (Lodg. No. 7, Clerk's Transcript at 103-06, 110-11.) The trial court further found true that Petitioner had one prior strike conviction and one prior prison term. (*Id.* at 131.) For his crimes, Petitioner was sentenced to six years in state prison (*Id.* at 130-33.)

Petitioner appealed, the California Court of Appeal affirmed, and the California Supreme Court denied review. (Lodg. Nos. 1-4, 10-11.) Petitioner's state habeas petition was likewise denied. (Lodg. Nos. 5-6.)

---

[1] The Court *sua sponte* substitutes Stu Sherman as the proper Respondent. *See* Fed. R. Civ. P. 25(d).

1    On May 17, 2012, Petitioner filed his original federal habeas petition. [Dkt.
2 No. 1.] On October 17, 2012, Petitioner filed a First Amended Petition. [Dkt.
3 No. 27.] On April 10, 2014, Petitioner filed a Second Amended Petition ("SAP"),
4 [Dkt. No. 38], which the Court considers below.

5    The Court has reviewed the record, and the evidence is accurately summarized
6 in the California Court of Appeal's decision on direct review, which is attached as
7 Exhibit A. (Lodg. No. 2); *see also* 28 U.S.C. § 2254(e)(1) (facts presumed correct).
8 The Court discusses facts below as are pertinent to habeas relief.

## II.

## DISCUSSION AND ANALYSIS

Petitioner asserts a single ground for relief, which fails on this record. *See* 28 U.S.C. § 2254(d) (Antiterrorism and Effective Death Penalty Act); *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011).

Specifically, Petitioner argues that his Sixth Amendment rights were violated when his friend wanted to, but did not, testify at his trial. (SAP at 5.)

As a rule, a criminal defendant has the right to call witnesses in his favor. *Rock v. Arkansas*, 483 U.S. 44, 52 (1987). However, "the right to present relevant testimony is not without limitation" and "may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process." *Id.* at 55 (internal citation omitted). To establish a violation, Petitioner must "at least make some plausible showing of how [the absent] testimony would have been both material and favorable to his defense." *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982). Moreover, habeas relief may only be granted if the alleged error had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)

Here, Petitioner's claim fails for three reasons:

- <u>Vague and Conclusory</u>: First, this claim is vague, conclusory, and unsupported by any evidence whatsoever. *See Blackledge v. Allison*,

    431 U.S. 63, 75 n.7 (1977); *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) (conclusory allegations, unsupported by a statement of specific facts, do not merit habeas relief); *Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995) (conclusory allegations, unsupported by citation to the record, do not merit habeas relief).

- <u>Not Material and Favorable</u>: Second, Petitioner fails to establish that the absent testimony was "material and favorable to his defense." *Valenzuela-Bernal*, 458 U.S. at 867. At trial, Petitioner's attorney attested that her legal team had investigated the potential witness and determined that "the information she ha[d]" was "not relevant to [Petitioner's] case." (Lodg. No. 9, Reporter's Transcript at 396, 400); *see also Lord v. Woods*, 184 F.3d 1083, 1095 (9th Cir. 1999) ("Few decisions a lawyer makes draw so heavily on professional judgment as whether or not to proffer a witness at trial."); *Wildman v. Johnson*, 261 F.3d 832, 839 (9th Cir. 2001) (mere "disagreement with trial counsel's tactical decision[s]" does not merit habeas relief).

- <u>No Prejudice</u>: Third, Petitioner fails to demonstrate the requisite prejudice here. At trial, the evidence of Petitioner's guilt was overwhelming. (*See* Ex. A at 2, 5.) Namely, Petitioner attempted to cash a check on which the payee name, dollar amount, and date had all been altered, and which the victim denied ever issuing to Petitioner. (*Id.*) As such, even if Petitioner's friend *had* testified that Petitioner had worked for the victim, such testimony would not have negated the substantial evidence of his guilt. (*See* Lodg. No. 5 at 7; Ex. A at 2, 5.) On these facts, the Court cannot find that the admission of the omitted testimony would have affected the jury's verdict. *See Brecht*, 507 U.S. at 637-38.

Accordingly, Petitioner's claim does not merit federal habeas relief.

## III.

## **ORDER**

Accordingly, IT IS ORDERED THAT:

1. Judgment be entered denying the SAP and dismissing this action with prejudice; and

2. The Clerk serve copies of this Order on the parties.

Additionally, for the reasons above, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

3

1  Thus, the Court declines to issue a certificate of appealability.
2         Nor is Petitioner entitled to an evidentiary hearing. *See Cullen v.*
3  *Pinholster*, 131 S. Ct. 1388, 1398 (2011) (AEDPA "requires an examination of
4  the state court-decision at the time it was made. It follows that the record under
5  review is limited to the record in existence at that same time *i.e.*, the record before
6  the state court.").

9  DATED:  December 10, 2014

   _____
            HON JAY C. GANDHI
   UNITED STATES MAGISTRATE JUDGE[2/]

---

[2/] Both parties have consented to this Court's authority to enter a final order in this case. [*See* Dkt. No. 8]; *see also* Rule 10 of the Rules Governing Section 2254 Cases in the United States District Courts; 28 U.SC. § 636(c)(1).

4